405057                                                                                           0297-10419

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE L. COTĖ<br><br>VERSUS<br><br>RENTROP TUGS, INC. | CIVIL ACTION NO: 2:10-cv-04375<br><br>SECTION "F"<br>Judge Martin L.C. Feldman<br><br>MAGISTRATE 2<br>Judge Joseph C. Wilkinson, Jr. |

<u>ANSWER OF RENTROP TUGS, INC. TO PLAINTIFF'S COMPLAINT</u>

**NOW INTO COURT,** through undersigned counsel, comes Rentrop Tugs, Inc. ("Rentrop"), and for answer to the Complaint of plaintiff, George L. Coté, respectfully represents as follows:

<u>FIRST DEFENSE</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, plaintiff's Complaint fails to state a claim against Rentrop upon which relief can be granted.

<u>SECOND DEFENSE</u>

Rentrop objects to the jurisdiction and venue of this court and denies that proper service has been made.

<u>THIRD DEFENSE</u>

The Complaint is barred by the applicable period of prescription and/or statute of limitations and/or laches.

## FOURTH DEFENSE

Rentrop asserts that it was fully and finally released by the plaintiff. All claims were amicably resolved through a release or compromise. The plaintiff was paid maintenance and cure benefits until such time as he had reached maximum medical improvement and was released to return to work.

## FIFTH DEFENSE

AND NOW, for answer to the particular allegations of plaintiff's Complaint, Rentrop avers as follows:

I.

Paragraph I contains legal conclusions that do not require an answer by Rentrop; however, Rentrop denies the allegations to the extent necessary.

II.

The allegations of Paragraph II are admitted.

III.

The allegations of Paragraph III are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph IV are denied.

V.

The allegations of Paragraph V are denied.

VI.

The allegations of Paragraph VI are denied.

VII.

The allegations of Paragraph VII are denied.

## SIXTH DEFENSE

Rentrop avers that the plaintiff was not in the course and scope of employment or in the service of a vessel at the time he was actually injured and therefore plaintiff can have and make no recovery herein.

## SEVENTH DEFENSE

Plaintiff's injuries, if any, resulted from a condition which was open and obvious to plaintiff.

## EIGHTH DEFENSE

Without waiving the above and foregoing, and further answering if same be necessary, Rentrop avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developing physical and/or mental condition which was neither caused or aggravated by any act or omission of Rentrop, thus barring or mitigating any recovery by plaintiff herein.

## NINTH DEFENSE

Further answering the Complaint, in the alternative, as a separate and distinct defense, Rentrop avers that if this Court should find that plaintiff sustained any injury or injuries, all of which is denied, and should find that the accident complained herein was

caused or contributed to by the negligence of Rentrop, which is also denied, the same was also caused or contributed to by the negligence and lack of due care of the part of plaintiff, and Rentrop specifically pleads such contributory negligence as a bar to this action, or alternatively, in mitigation of the amount of damages legally recoverable.

## TENTH DEFENSE

Rentrop further avers that if plaintiff sustained any injuries, which is denied, said injuries were caused or brought about by the ordinary normal risks incident to his occupation which were voluntarily assumed by plaintiff and for which Rentrop herein is in no way responsible.

## ELEVENTH DEFENSE

Rentrop alleges and avers that any injuries and/or damages allegedly sustained by plaintiff as alleged in his Complaint were caused by the negligence and/or fault of other persons and/or entities for whom Rentrop is in no way responsible.

## TWELFTH DEFENSE

In the further alternative, Rentrop alleges and avers that plaintiff has failed to mitigate his alleged damages and recovery herein is mitigated or defeated.

## THIRTEENTH DEFENSE

Rentrop alleges and avers that it is entitled to exonerate or limit its liability under the limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.*, should it be liable unto plaintiff in any regard, which is specifically denied. Rentrop in no way waives its right to pursue exoneration or limitation as a defense in any subsequent proceeding in any court of competent jurisdiction.

## FOURTEENTH DEFENSE

Rentrop asserts that it has fulfilled its maintenance and cure duty to the plaintiff. The plaintiff has reached maximum medical improvement and has been released to return to work.

## FIFTEENTH DEFENSE

Rentrop avers that plaintiff does not qualify for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.,* 396 F.2d 547 (5th Cir. 1968).

## SIXTEENTH DEFENSE

To the extent that any allegations are contained in the prayer for relief in judgment in the plaintiff's Complaint, said allegations are denied and the plaintiff's prayer for relief is denied.  To the extent that any other allegations in the plaintiff's Complaint have not been answered herein, said allegations are denied for lack of sufficient information to justify a belief therein.  Rentrop further reserves its right to supplement and/or amend its affirmative defenses and answer, and to assert any other rights, claims and defenses.

**WHEREFORE,** the premises considered, Rentrop Tugs, Inc., prays that this, its Answer to the Complaint, be deemed good and sufficient and, that after due proceedings are had, there be judgment herein in favor of defendant, Rentrop Tugs, Inc., and against plaintiff, dismissing the Complaint at plaintiff's cost, and that defendant, Rentrop Tugs, Inc., be granted such other and further relief as equity and

justice of the cause may require and permit.

Respectfully submitted,

___/s/ Salvador J. Pusateri_____
SALVADOR J. PUSATERI, T.A. (#21036)
FRANCIS A. JUROVICH, III (#31212)
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana  70139-7708
Telephone:  (504) 528-3001
Facsimile: (504) 528-3030
Attorneys for Rentrop Tugs, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/EF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECT participants.

___/s/ Salvador J. Pusateri___
